## The Mayor and City Council of Baltimore vs. Francis S. Ideson and John C. Ideson.

### PRACTICE.

*Act of 1864, ch. 6—Judgments by default for want of Plea and Affidavit of Defence—Form of Account accompanying declaration in suits brought under this Act.*

F. S. I. sued the M. & C. C. of Baltimore under the Act of 1864, ch. 6. Along with the *narr.* was filed an account made out against "Messrs R. & B., Commissioners of Madison Square, Baltimore, Maryland," to which was annexed an affidavit by the plaintiff that there was justly due and owing by the M. & C. C. of B., the defendant in the within named case, to the plaintiff, on the annexed account (the cause of action in said case,) the sum of $202.50 with interest, &c. The defendants not having pleaded within the required time, the Court entered judgment by default for want of a plea and affidavit of defence. The defendant afterward moved to strike out said judgment and filed therefor several reasons, the principal one being that "no proper cause of action was filed with the declaration, and that the affidavit accompanying the declaration was defective." HELD :

That the account in this case does not profess to show an indebtedness from R. & B. to the plaintiff. It is not made out against them as individuals, but as *city officials*, as Commissioners of a public square in the city, and sufficiently purports upon its face to be an account, within the terms of the Act, by which the M. & C. C. of B. are indebted to the plaintiff, and on which an affidavit to that effect could be properly made.

A motion in arrest of judgment was also made for "defects apparent upon the face of the record." HELD :

That for the same reasons for which the motion to strike out the judgment was overruled, the motion in arrest must be overruled. All the proceedings in the cause appear to have been conducted in conformity with the provisions of the statute.

APPEAL from the Superior Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., BOWIE, STEWART, MILLER and ALVEY, J.

*James A. Buchanan,* for appellant.

*James E. Leigh* and *Wm. J. O'Brien,* for appellees.

MILLER, J., delivered the opinion of the Court.

This suit, brought by the appellees against the Mayor and City Council of Baltimore, was instituted under the Act of 1864, ch. 6. The action was commenced on the 11th of November, 1876, and the summons made returnable to the second Monday of the same month, which was the next succeeding return day prescribed by this statute. At this return day, the defendants appeared by counsel, and on the second Monday of December following, which was the return day next succeeding the appearance, the defendants having filed no plea as required by the 7th section of the Act, the Court rendered a judgment by default for want of a plea and affidavit of defence. Afterwards, the defendants made a motion to strike out this judgment by default, and filed reasons therefor, but the Court overruled the motion and assessed the damages of the plaintiffs at the sum of $215. The defendants then made a motion in arrest of judgment, which the Court also overruled, and on the 7th of April, 1877, rendered final judgment for the plaintiffs for $215, with interest from date, and costs of suit, and from this judgment the defendants have appealed.

Now assuming for the sake of the argument, and without so deciding, that this appeal brings up for review the action of the Court in overruling the motion to strike out the judgment by default, we find no error therein. The

only reasons requiring notice that were relied on in support of the motion, are that no proper cause of action was filed with the declaration, and that the affidavit accompanying the declaration is defective. The account filed with and annexed to the declaration, is for certain ornamental trees and shrubs, and for labor in planting them, and is made out against " Messrs. Register & Boone, Commissioners of Madison Square, Baltimore, Maryland." And the affidavit, by one of the plaintiffs, is " that there is justly due and owing by the Mayor and City Council of Baltimore, the defendants, in the within named case, to the plaintiffs, *on the annexed account* (the cause of action in said cause,) the sum of $202.50 with interest from January. 6th, 1876, over and above all discounts." The eighth section of this Act of 1864, requires, besides the affidavit of the plaintiff stating " the true amount that the defendant is indebted to him over and above all discounts," that there shall also be filed with the declaration, "the bond, bill of exchange, promissory note, or other writing or account by which the defendant is so indebted." It does not prescribe the form in which the account shall be stated. Here the account does not profess to show an indebtedness from Register and Boone, to the plaintiff. It is not made out against them as individuals, but as *City officials*, as commissioners of a public square in the city, and in our opinion it sufficiently purports on its face to be an account, within the terms. of the Act, by which the Mayor and City Council of Baltimore are indebted to the plaintiffs, and on which an affidavit to that effect (which in this case is in strict conformity with the statute) could be properly made. If the defendants desired to contest the question whether these commissioners had authority to bind them by purchasing these trees, they could have raised that question by pleading, under oath, as the Act requires, the plea that they were never indebted, or never promised, as alleged in the declaration   This disposes of

the motion to strike out the judgment by default. The motion in arrest is "for defects apparent upon the record." But if the motion to strike out the judgment by default was properly overruled we see no ground on which the motion in arrest can stand. All the proceedings in the cause appear to have been conducted in conformity with the provisions of the statute, and the judgment must be affirmed.

*Judgment affirmed.*

(Decided February 21st, 1878.)